# EXHIBIT B

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Kevin W. Chiang (SBN 252391)<br>EQUITY LEGAL GROUP, P.C.<br>201 S. Lake Ave., Ste. 506<br>Pasadena, CA 91101<br>TELEPHONE NO.: (818) 928-5677    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* kchiang@equitylegalgroup.com<br>ATTORNEY FOR *(Name):* Plaintiff Rico Burgos | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse, Central District

PLAINTIFF/PETITIONER: Rico Burgos

DEFENDANT/RESPONDENT: Westfield Outdoor, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>23STCV07958 |
|---|---|

TO *(insert name of party being served):* Defendant WESTFIELD OUTDOOR, INC.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 10, 2023

Kevin W. Chiang
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
Civil Case Cover Sheet; First Amended General Order; Alternative Dispute Resolution Packet; Notice of Case Assignment; Voluntary Efficient Litigation Stipulation Packet; and Notice of Case Management Conference.

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WESTFIELD OUTDOOR, INC., a Nevada corporation; and DOES
1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICO BURGOS, an individual,

| |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |
| **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/11/2023 12:49 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By Y. Tarasyuk, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles County Superior Court
Stanley Mosk Courthouse, Central District
111 N. Hill St., Los Angeles, CA 90012

| CASE NUMBER:<br>*(Número del Caso):* |
|---|
| 23STCV07958 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin Chiang; Equity Legal Group, P.C.; 201 S. Lake Ave., Ste. 506, Pasadena, CA 91101; (818) 928-5677

David W. Slayton, Executive Officer/Clerk of Court

DATE:
*(Fecha)* 04/11/2023

Clerk, by
*(Secretario)* ___Y. Tarasyuk___ , Deputy
*(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

[SEAL]

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

Kevin W. Chiang (SBN 252391)
**EQUITY LEGAL GROUP, P.C.**
201 S. Lake Ave., Ste. 506
Pasadena, CA 91101
Telephone: (818) 928-5677
Email: kchiang@equitylegalgroup.com

Attorneys for Plaintiff
RICO BURGOS

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/11/2023 12:49 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Tarasyuk, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| RICO BURGOS, an individual, <br><br> Plaintiff, <br> v. <br><br> WESTFIELD OUTDOOR, INC., a Nevada corporation; and DOES 1-20, inclusive, <br><br> Defendants. | Case No.: 23STCV07958 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **Hostile Work Environment Harassment;** <br> 2. **Sex/Gender Discrimination;** <br> 3. **Retaliation in Violation of the FEHA;** <br> 4. **Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of the FEHA;** <br> 5. **Retaliation in Violation of Labor Code § 1102.5;** <br> 6. **Retaliation in Violation of Labor Code § 6310;** <br> 7. **Wrongful Termination in Violation of Public Policy;** <br> 8. **Violation of Labor Code § 227.3;** <br> 9. **Violation of Labor Code § 226;** <br> 10. **Violation of Labor Code § 203;** <br> 11. **Violation of Labor Code § 2802;** <br> 12. **Violation of Business & Professions Code § 17200,** *et seq.***;** <br><br> **PUNITIVE DAMAGES** <br> **DEMAND FOR JURY TRIAL** <br> **UNLIMITED JURISDICTION** |

COMPLAINT FOR DAMAGES

Plaintiff RICO BURGOS ("Plaintiff"), hereby, brings this Complaint against Defendant WESTFIELD OUTDOOR, INC. ("Westfield" and/or the "Company"). Plaintiff alleges as follows on knowledge as to himself and his known acts, and on information and belief as to all other matters:

## I.    INTRODUCTION

1.    Plaintiff is an experienced sales professional, who joined Westfield to lead and develop its eCommerce Sales Division. From the outset, he performed and produced significant sales for the Company. His efforts, in fact, led his specific Division—Division 6, which was one of six Sales Divisions at Westfield—to experience positive sales growth of _66.45%_ during the 2022 sales year. Division 6 was also the _only_ Sales Division to experience any positive growth in 2022 and—as of November 9, 2022—was the only Division projected by Westfield to experience additional positive sales growth (at 58.7%) in 2023. (By contrast, the other five Sales Divisions were projected to experience _significant losses in sales_, ranging from a drop of 15.8% (in Division 1) to a drop as high as 45.5% (in Division 5).

2.    Notwithstanding, when Westfield conducted a layoff in November 2022 on the premise that it was "facing unprecedented market reset challenges in [the] S23 season," the Company eliminated the only Division that had growing sales—Division 6—thereby ending Plaintiff's employment.

3.    This was both shocking and surprising to Plaintiff because by the Company's own estimates, Division 6 was projected to close 60M in sales in 2023 (with a positive growth in sales of 58.7%), an amount substantially higher than the $24M projected for Division 5, the $32M projected for Division 4, and the $38M projected for Division 3.

4.    So, then, why was Plaintiff laid off? The explanation is simple. **_He was targeted for engaging in protected activity_**.

5.    Before submitting any complaints to human resources, he was widely praised and viewed as a thought leader. He also received positive feedback in his 2021 performance evaluation, along with a merit bonus and a salary increase.

6.    However, everything changed _after_ Plaintiff had complained about unlawful sex/gender harassment and workplace violence to human resources on or about July 14, 2022. From that point forward, he experienced wholesale retaliation. He was forced to continue working with the very person he had complained about so to avoid "caus[ing] [any] unwanted alert." He also received a poor evaluation,

COMPLAINT FOR DAMAGES

about a month after lodging his complaint, by *a person he did not even report to (a man by the name of CT Rickard)*.[1]

7.      Regarding his complaint, Plaintiff never received an official response or update from human resources or the Company. Rather Westfield's CEO, Charlie Cai simply told him sometime in mid-September 2022 that none of his claims had been substantiated. When Plaintiff asked for more information and details—inquiring if Mr. Cai had even reviewed the various Teams messages in which Mr. Webb had made inappropriate comments about sex, AIDS, penises, and "anal trode[s]"—Mr. Cai seemed genuinely confused and said he did not remember seeing anything like that in the investigation.

8.      As a result, Plaintiff knew from that point forward that his time with the Company was limited; and, like clockwork, he was fired less than a month after learning his harassment claims purportedly lacked merit.

9.      Based on the foregoing, we are confident Plaintiff will prove he was retaliated against and that he will prevail on all the claims he is asserting in this Complaint, including for: (1) hostile work environment harassment; (2) sex/gender discrimination; (3) retaliation in violation of the Fair Employment and Housing Act ("FEHA"); (4) failure to prevent harassment, discrimination, and retaliation; (5) retaliation in violation of Labor Code section 1102.5; (6) retaliation in violation of Labor Code section 6310, and (7) wrongful termination in violation of public policy.

10.     In addition, Plaintiff will prevail on his claims for unpaid vacation wages under Labor Code sections 227.3 and for all related penalties, as well as for unreimbursed business expenses under Labor Code section 2802.

## II.      THE PARTIES

11.     Plaintiff is a resident of Los Angeles County, California, and at all times relevant performed work for Westfield in said County.

12.     On information and belief, Westfield is a Nevada corporation. At all times relevant, Westfield employed Plaintiff in Los Angeles County, California, and committed all the wrongful acts alleged herein.

---

[1] This evaluation was almost a point lower than Plaintiff's evaluation from a year prior.

COMPLAINT FOR DAMAGES

13. Defendants are individually, jointly, and severally liable for the wrongful conduct alleged herein because each Defendant directly or indirectly, or through an agent or any other person, has exercised control over one another. Plaintiff is informed and believes and based thereon alleges that at all times relevant, each Defendant has been the agent and employee of its Co-Defendants, and in doing the things alleged in this Complaint has been acting within the course and scope of that agency and employment.

14. The true names and capacities of Defendants sued herein as Does 1 through 20, inclusive are unknown to Plaintiff at this time, but Plaintiff will amend this Complaint if and when the true names of said Defendants become known to him. Upon information and belief, each of the Defendants sued herein as a Doe is legally responsible in some manner for the events and happenings referred to herein; and any reference to "Defendant" or "Defendants" shall mean "Defendants and each of them."

### III.    JURISDICTION AND VENUE

15. The Court has jurisdiction over this action pursuant to the California Constitution, specifically Article VI, Section 10, which grants the Superior Court original jurisdiction in all cases except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

16. This Court has jurisdiction over all Defendants because, upon information and belief, at all times relevant each Defendant has had sufficient minimum contacts in California, or otherwise has intentionally availed itself of California law so as to render the exercise of jurisdiction over it by a California Court consistent with traditional notions of fair play and substantial justice.

17. Venue is proper in this Court because, upon information and belief, each named Defendant transacts business in Los Angeles County, and/or the acts and omissions alleged herein took place within said County.

### IV.    FACTUAL BACKGROUND

**A.    Background Information Regarding Plaintiff**

18. Plaintiff is a sales professional with over 25 years of relevant experience. He holds a bachelor's degree in Business Administration as well as a Professional Selling Certificate, both from California State University, Fullerton.

COMPLAINT FOR DAMAGES

19.     Prior to working for Westfield, Plaintiff was (1) National Sales Manager for Vertex Standard for over eight years, (2) Regional Sales Manager with C.P. Allstar Corporation for three years, (3) Western Regional Sales Manager with Marantec America Corp. for two years, (4) Director of Sales with Sangean America Inc. for five years, and (5) Director of eCommerce Sales with Kittrich Corporation for over seven years.

**B.      Within the First Year of His Employment, Plaintiff Immediately Produced Results and Sales Revenue for Westfield.**

20.     Plaintiff began his employment with Westfield in or around February 2021. He was hired as an "eCommerce Director" and was tasked to lead a new Sales Division—Division 6. From the outset, he produced results for the Company. He generated sales for the new eCommerce Division, using his professional network to bring in accounts from major eCommerce retailers like 1) Homedepot.com, 2) Amazon.MX, 3) Campingworld.com, 4) Tractorsupply.com, 5) eBay, 6) City Mill, 7) Belk, 8) Woot.com, 9) Chewy.com, 10) Kartit.us, 11) Overstock.com, 12) Unbeatablesale.com, 13) Boy Scouts of America, and 14) Amazon.com (Basics Private Label Program).

21.     His efforts were immediately recognized by his supervisors—Vice President of Sales Paul Goff and CEO Charlie Cai—both of whom were impressed by his work ethic and gave him good marks on his 2021 performance. Mr. Goff and Mr. Cai also awarded Plaintiff a $4,636.77 prorated incentive bonus and a $3,000 salary increase.

22.     During the 2022 sales year, Plaintiff continued to be productive and perform at a high level. In fact, because of his efforts, the sales in his Division continued to grow and increase by **_66.45%_**, as compared to 2021.

23.     Everyone was thrilled with these metrics, especially Mr. Cai (who at that point had become his only supervisor, as Mr. Goff had retired in 2021). Indeed, every time Plaintiff and Mr. Cai spoke, Cai shared how happy he was with Plaintiff's performance.

24.     Things quickly changed, however, when Plaintiff spoke out and complained about his interactions with a co-worker named Darrin Webb. At that point, Plaintiff was left to fend for himself, was treated like a pariah, and eventually was pushed out of the Company for pretextual reasons.

///

COMPLAINT FOR DAMAGES

**C.**      **Plaintiff Was Subjected to Immediate Retaliation When He Complained About Harassing Behavior by Darrin Webb.**

25.      On July 14 and 20, 2022, Plaintiff sent a confidential complaint (and a second revised complaint) to Mr. Cai and Tonya Strange (Westfield's HR Director) regarding his coworker, Darrin Webb. In these complaints, Plaintiff detailed "inappropriate medical, sexual, offensive, & disparaging remarks" that Mr. Webb had made to him, including:

- "multiple inappropriate, offensive jokes and disparaging remarks (sexual, medical, slurs, epithets, political agendas specifically about gun laws, and **_offensive jokes about shooting/killing [Plaintiff], etc._**) via the Teams verbal video calls and written messages."

- "derogatory and . . . offensive remarks about Rachel," for example calling her a cunt in front of Plaintiff.

- "shar[ing] some stories with [Plaintiff] about a Product Manager by the name of Tonya Derziotis" and the fact that he (Mr. Webb) "had a fling and sexual encounters with one of Tonya Derziotis's daughters," which Webb described with "sexually graphic" language.

26.      To substantiate his complaints Plaintiff included screenshots of Teams messages he had received from Mr. Webb, where Webb initiated conversations with him about sex, AIDS, penises, and "anal trode[s]." On the basis of these allegations, Plaintiff asked that Mr. Cai and HR step in and help him navigate through what clearly was a hostile work environment.

27.      Initially, Mr. Cai said that the Company was "tak[ing] [Plaintiff's] complaint very seriously."

28.      Yet, as soon as Plaintiff asked to cease all communications with Mr. Webb (given the nature of his complaints about Webb and the threats to his personal safety), Mr. Cai denied the request. Cai claimed that, "[s]ince the investigation [was] being conducted confidentially, [Plaintiff [would] need [to continue to] work/communicate with Darrin as usual instead of re-routing [his] communication to [Cai] which would cause unwanted alert."

29.      **_Thus, Plaintiff was forced to continue interacting with a known harasser (who had threatened to harm and kill him with a gun), which only made things worse for Burgos and his mental health and allowed him to be further subjected to a hostile work environment_**.

30.      About a month after submitting his complaint—and without any substantive update or intervention from HR—Plaintiff received his 2022 performance evaluation on August 19, 2022, learning

COMPLAINT FOR DAMAGES

that he had been rated poorly, at a score of 2.4 (almost a full point lower than his rating in 2021). He was shocked by this and immediately reached out to Mr. Cai and HR, asking for clarification or an explanation for what seemed to be clear retaliation. Plaintiff also submitted a robust rebuttal to the poor performance evaluation, to which the Company never responded.

31. At or around the same, Plaintiff received paradoxical news about his 2022 performance. He learned that the Company had awarded him with an incentive bonus of $11,492.43. Then, a month later (on or about November 9, 2022), he learned that his Division was the _only_ Division projected to achieve any positive sales growth in 2023 and that the Company was estimating it would bring in substantially more revenue than Divisions 3, 4, and 5.

32. Despite this, when the Company conducted layoffs on November 18, 2022 for supposed "unprecedented market reset challenges in [the] S23 season," Plaintiff's Division, which consisted of only two people (him and Josh Liley), was impacted:

> I would like to inform you that our company board and upper management have evaluated its workforce and future business strategies recently. As a result, the Company has made a difficult decision to eliminate the Sales Division 6. Therefore, after serious consideration, we are eliminating all positions in the Sales Division 6, which means both Rico Burgos and Josh Liley are separated effective today, November 18, 2022, unfortunately.
>
> From on now and on, the daily operation of E-commerce program will be led by Hengfeng E-Commerce team with the sales of Amazon Vendor Central and other related accounts led by CT Rickard, and product development and market efforts led by WF PDM team. All other business structure and workforce remains unchanged.
>
> As we are facing unprecedented market reset challenges in S23 season, it requires all employees to stay focused, work extremely hard, and put our best efforts to seize every single opportunity in S23 and beyond.

**D.    Plaintiff Can Prove He Was Terminated for Pretextual Reasons.**

33. Given that Division 6 was the only Sales Division that produced positive sales growth in 2022 and was the only Sales Division projected to have any further positive sales growth in 2023, there is no legitimate reason supporting the termination of Plaintiff. If Westfield truly was concerned about "market . . . challenges" (as it claimed in the above Company-wide email), the last thing it would have

done was eliminate the only Division with positive growth—especially one projected to gross over $60M in revenue.

34. Moreover, if finances and "market . . . challenges" were truly a concern, Westfield would not have hired or recruited staff and personnel at such an aggressive pace at or around the time of Plaintiff's layoff. But the fact that it did belies the alleged basis for his termination.

35. In particular, Westfield will have trouble justifying its hiring of salesperson Brandon Howard that occurred within days of its elimination of Division 6 and its firing of Plaintiff.

36. The above evidence and what we are confident we will learn during discovery are more than sufficient to prove pretext and will allow a jury to conclude Plaintiff was terminated for clearly retaliatory and unlawful reasons.

37. Based on the foregoing facts, Westfield is plainly liable to Plaintiff for (1) hostile work environment harassment; (2) sex/gender discrimination; (3) retaliation in violation of the FEHA; (4) failure to prevent harassment, discrimination, and retaliation; (5) retaliation in violation of Labor Code section 1102.5; (6) retaliation in violation of Labor Code section 6310, and (7) wrongful termination in violation of public policy.

38. In addition, Plaintiff has potential wage and hour claims based on Westfield's failure to pay him his accrued but unused vacation wages, in violation of Labor Code section 227.3. The Company likely did this because it wrongly followed Indiana law, rather than California law, which was applicable to Plaintiff's employment.

39. This explains why Plaintiff's offer letter stated, as follows: "You will be entitled to ten (10) days of paid vacation per calendar year. ***Such vacation will not carry over from year to year, and the Company does not pay out accrued but unused vacation upon the termination of employment for any reason***." This language, of course, directly violates Labor Code section 227.3, which prohibits use-it-or-lose-it vacation policies. *See* Lab. Code § 227.3 ("whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, ***all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served***") (emphasis added). As a result, Plaintiff is owed unpaid vacation wages, along with 30 days of waiting time penalties and related penalties

COMPLAINT FOR DAMAGES

under Labor Code section 226.

40.    In addition, Plaintiff has incurred various unreimbursed business expenses by virtue of Westfield's wrongful withholding of his wages to the State of Indiana. Despite the fact Plaintiff performed nearly all his work in California,[2] the Company nonetheless made withholdings to the State of Indiana. This has caused him to incur various expenses (by having to hire/retain one or more accountants) to correct this tax issue—since the Company has refused to remedy the issue itself. As a result, Westfield must reimburse Plaintiff for all these necessary tax/accounting expenses under Labor Code section 2802.

41.    On or about April 11, 2023, Plaintiff timely filed an administrative charge against Westfield with the California Civil Rights Department and received an immediate "Right to Sue" notice. Thus, all conditions precedent to jurisdiction (i.e., the exhaustion of administrative remedies) have been fully satisfied.

<div align="center">

**V.    CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**(Hostile Work Environment Harassment)**

</div>

42.    Plaintiff re-alleges the allegations in paragraph 1-41, inclusive, and hereby incorporates them by reference as though fully set forth herein.

43.    At all relevant times, Westfield was an employer within the meaning of the FEHA and thus covered by FEHA's provisions.

44.    Plaintiff was subjected to unwanted harassing conduct on the basis of his sex/gender and/or perceived sexual orientation.[3]

45.    The harassing conduct was severe or pervasive.

46.    A reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

47.    Plaintiff himself deemed and considered the work environment to be hostile or abusive.

48.    Westfield knew or should have known of the conduct, including because Plaintiff reported said conduct to Westfield. Notwithstanding, Westfield failed to take any immediate and appropriate

---

[2] As noted in his offer letter, Plaintiff's position was "based at [his] home office in Whittier, CA."

[3] Plaintiff is heterosexual but many of the hostile comments that his harasser made towards him suggested the harasser believed or perceived Plaintiff to be gay.

<div align="center">

9

COMPLAINT FOR DAMAGES

</div>

corrective action.

49.    Plaintiff was harmed.

50.    The conduct of Westfield as well as Westfield's failure to take immediate action were substantial factor in causing Plaintiff's harm.

51.    As a direct, foreseeable, and proximate result of Westfield's wrongful conduct, Plaintiff has sustained, and continues to sustain, economic damages in earnings and other employment benefits in an amount according to proof.

52.    As a direct, foreseeable, and proximate result of Westfield's wrongful conduct, Plaintiff has sustained, and continues to sustain, non-economic damages and emotional distress.

53.    Plaintiff also has sustained general and special damages within the jurisdictional limits of this Court.

54.    The acts and conduct of Westfield constitute "malice," "oppression," and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that these acts were intended by Westfield to cause injury to Plaintiff and/or constituted despicable conduct carried on by the Westfield with willful and conscious disregard of the rights of Plaintiff.

55.    The acts of Westfield were done fraudulently, maliciously, and oppressively and with the advance knowledge, conscious disregard, authorization, ratification, or act of oppression, within the meaning of Civil Code § 3294 on the part of Westfield's officers, directors, or managing agents of the corporation, including the acts of Plaintiff's supervisors and Westfield's officers and employees. The actions and conduct of Westfield were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Westfield with the intention of Westfield to deprive Plaintiff of his property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

56.    As a further direct, legal, and proximate result of Westfield's conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action and is accordingly entitled to an award of attorneys' fees according to proof.

/ / /

/ / /

10

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### (Sex/Gender Discrimination)

57.    Plaintiff re-alleges the allegations in paragraphs 1-56, inclusive, and hereby incorporates them by reference as though fully set forth herein.

58.    Westfield, by and through its agents, subjected Plaintiff to adverse employment actions as described above, including when it terminated Plaintiff's employment on the basis of sex/gender.

59.    Plaintiff is informed and believes, and based thereon, alleges that his sex/gender was a substantial motivating reason for Westfield's adverse employment actions taken against him.

60.    Plaintiff was harmed.

61.    Westfield's discrimination towards Plaintiff violated FEHA and was a substantial factor in causing Plaintiff's harm.

62.    As a direct, foreseeable, and proximate result of Westfield's wrongful conduct, Plaintiff is entitled to the damages described at paragraphs 51-56.

## THIRD CAUSE OF ACTION

### (Retaliation in Violation of the FEHA)

63.    Plaintiff re-alleges the allegations in paragraphs 1-62, inclusive, and hereby incorporates them by reference as though fully set forth herein.

64.    As described herein, Plaintiff participated and/or engaged in protected activity by reporting unlawful conduct to Westfield, including illegal harassment.

65.    Westfield subjected Plaintiff to adverse employment actions because of his protected activity as described above, including by wrongfully terminating his employment.

66.    Plaintiff is informed and believes and based thereon alleges that his protected activity of reporting unlawful conduct at work was the substantial motivating reasons for Westfield's retaliatory acts.

67.    Plaintiff was harmed.

68.    Westfield's retaliatory conduct was a substantial factor in causing Plaintiff's harm.

69.    As a direct, foreseeable, and proximate result of Westfield's wrongful conduct, Plaintiff is entitled to the damages described at paragraphs 51-56.

/ / /

COMPLAINT FOR DAMAGES

## **FOURTH CAUSE OF ACTION**

### **(Failure to Prevent Harassment, Discrimination, and Retaliation)**

70. Plaintiff re-alleges the allegations in paragraphs 1-69, inclusive, and hereby incorporates them by reference as though fully set forth herein.

71. Plaintiff was subjected to harassment, discrimination, and retaliation in the course of his employment with Westfield.

72. Westfield failed to take any and all reasonable steps to prevent the harassment, discrimination, and retaliation.

73. Plaintiff was harmed.

74. Westfield's failure to take any and all reasonable steps to prevent harassment, discrimination, and retaliation was a substantial factor in causing Plaintiff's harm.

75. As a direct, foreseeable, and proximate result of Westfield's wrongful conduct, Plaintiff will seek and is entitled to the damages more fully described at paragraphs 51-56.

## **FIFTH CAUSE OF ACTION**

### **(Retaliation in Violation of Labor Code § 1102.5)**

76. Plaintiff re-alleges the allegations in paragraphs 1-75, inclusive, and hereby incorporates them by reference as though fully set forth herein.

77. Labor Code § 1102.5(a) states that an employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

78. Labor Code § 1102.5(b) also provides that employers and any persons acting on their behalf shall not retaliate against an employee for disclosing information that the employee has reasonable cause to believe discloses a violation of state or federal statute, or a violation or noncompliance with a local, state, or federal rule or regulation.

/ / /

79.    Here, Westfield retaliated against Plaintiff for engaging in protected activity under Labor Code § 1102.5, including by terminating Plaintiff's employment.

80.    Plaintiff is informed and believes and based thereon alleges that his protected activity of reporting unlawful conduct was the substantial motivating reason for Westfield's retaliatory acts.

81.    Plaintiff was harmed.

82.    Westfield's retaliatory conduct was a substantial factor in causing Plaintiff's harm.

83.    As a direct, foreseeable, and proximate result of Westfield's wrongful conduct, Plaintiff will seek and is entitled to the damages more fully described at paragraphs 51-56.

## SIXTH CAUSE OF ACTION

### (Retaliation in Violation of Labor Code § 6310)

84.    Plaintiff re-alleges the allegations in paragraphs 1-82, inclusive, and hereby incorporates them by reference as though fully set forth herein.

85.    Labor Code § 6310(a) provides that "[n]o person shall discharge or in any manner discriminate against any employee because the employee has done any of the following: (1) Made any oral or written complaint to . . . his or her employer. (2) Instituted or caused to be instituted any proceeding under or relating to his or her rights or has testified or is about to testify in the proceeding or because of the exercise by the employee on behalf of himself, herself, or others of any rights afforded him or her. (3) Participated in an occupational health and safety committee established pursuant to Section 6401.7."

86.    Labor Code § 6310(b) further provides that "[a]ny employee who is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because the employee has made a bona fide oral or written complaint to . . . his or her employer . . . of unsafe working conditions, or work practices, in his or her employment or place of employment . . . shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer. Any employer who willfully refuses to rehire, promote, or otherwise restore an employee or former employee who has been determined to be eligible for rehiring or promotion by a grievance procedure, arbitration, or hearing authorized by law, is guilty of a misdemeanor."

///

COMPLAINT FOR DAMAGES

87. Here, Westfield retaliated against Plaintiff for engaging in protected activity under Labor Code § 6310, including by terminating Plaintiff's employment.

88. Plaintiff is informed and believes and based thereon alleges that his protected activity of reporting protected safety concerns was the substantial motivating reasons for Westfield's retaliatory acts.

89. Plaintiff has been harmed.

90. Westfield's retaliatory conduct was a substantial factor in causing Plaintiff's harm.

91. As a direct, foreseeable, and proximate result of Westfield's wrongful conduct, Plaintiff will seek and is entitled to the damages more fully described at paragraphs 51-56.

## SEVENTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

92. Plaintiff re-alleges the allegations in paragraphs 1-91, inclusive, and hereby incorporates them by reference as though fully set forth herein.

93. At all times relevant, the public policy of the State of California—as codified, expressed, and mandated by the FEHA and Labor Code—has been to prohibit employers (like Westfield) from harassing, discriminating, and retaliating against employees based on their sex/gender, perceived sexual orientation, and/or engagement in protected activity.

94. Based on the facts described herein, Westfield's wrongful termination of Plaintiff violates the foregoing fundamental State public policies.

95. Plaintiff was harmed.

96. Westfield's wrongful termination was a substantial factor in causing Plaintiff's harm.

97. As a direct, foreseeable, and proximate result of Westfield's wrongful conduct, Plaintiff will seek and is entitled to the damages more fully described at paragraphs 51-56.

## EIGHTH CAUSE OF ACTION

### (Violation of Labor Code § 227.3)

98. Plaintiff re-alleges the allegations in paragraphs 1-97, inclusive, and hereby incorporates them by reference as though fully set forth herein.

99. During his employment, Plaintiff accrued vacation wages, which he did not use. These wages were not paid to him, however, in violation of Labor Code § 227.3, which provides: "whenever a

14

COMPLAINT FOR DAMAGES

contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served."

100.    Plaintiff was damaged by the foregoing conduct insofar as he was deprived of accrued and/or vested vacation wages and thus is entitled both to the underlying unpaid wages and to all applicable penalties.

101.    As a further direct, legal, and proximate result of Westfield's conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of attorneys' fees according to proof.

## NINTH CAUSE OF ACTION

### (Violation of Labor Code § 226)

102.    Plaintiff re-alleges the allegations in paragraphs 1-101, inclusive, and hereby incorporates them by reference as though fully set forth herein.

103.    Westfield intentionally failed to furnish to Plaintiff upon each payment of wages, accurate itemized statements of all gross wages earned in each pay period. Moreover, Westfield failed to furnish to Plaintiff itemized statements indicating the amount of vacation wages that Plaintiff had accrued, in each pay period, during his employment.

104.    Plaintiff was damaged by this failure because he was unable to keep track of the amount of vacation wages or hours he had accrued (or was entitled to use) during his employment. Plaintiff thus is entitled to the penalty amounts provided for in Labor Code § 226(e).

105.    Plaintiff is further entitled to seek penalties for injuries under Labor Code § 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period not to exceed four thousand dollars ($4,000).

106.    As a further direct, legal, and proximate result of Westfield's conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action and is accordingly entitled to an award of attorneys' fees according to proof.

COMPLAINT FOR DAMAGES

## TENTH CAUSE OF ACTION

### (Violation of Labor Code § 203)

107.    Plaintiff re-alleges the allegations in paragraphs 1-106, inclusive, and hereby incorporates them by reference as though fully set forth herein.

108.    California employers must compensate their employees all wages owed not later than 72 hours after the termination of their employment.

109.    At the time of Plaintiff's discharge, Westfield knowingly and intentionally failed to pay Plaintiff all compensation/vacation wages he was owed within 72 hours of his discharge.

110.    As a direct and proximate result of the unlawful conduct of Westfield, as set forth herein, Plaintiff has sustained damages, in an amount to be established at trial.

111.    Plaintiff is entitled to waiting time penalties under Labor Code §§ 201 to 203, equal to thirty (30) days of Plaintiff's wages.

112.    As a further direct, legal, and proximate result of the conduct of Westfield, Plaintiff was caused to and did employ the services of counsel to prosecute this action and is accordingly entitled to an award of attorneys' fees according to proof.

## ELEVENTH CAUSE OF ACTION

### (Violation of Labor Code § 2802)

113.    Plaintiff re-alleges the allegations in paragraphs 1-112, inclusive, and hereby incorporates them by reference as though fully set forth herein.

114.    Labor Code § 2802 requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

115.    While Plaintiff was employed by Westfield, the Company routed all state withholdings and income taxes to the State of Indiana, rather than to the State of California, notwithstanding the fact Plaintiff had performed nearly all his work for the Company *in California*.

116.    When Plaintiff alerted Westfield of this error, the Company did nothing to correct its mistake and required Plaintiff to fix the problem entirely on his own.

/ / /

16

COMPLAINT FOR DAMAGES

117.    As a direct and proximate result of Westfield's unlawful conduct, Plaintiff has incurred necessary expenditures or losses for which he has not been reimbursed, in an amount to be established at trial.

118.    As a further direct, legal, and proximate result of Westfield's conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action and is accordingly entitled to an award of attorneys' fees according to proof.

## TWELFTH CAUSE OF ACTION

**(Violation of Business & Professions Code § 17200, *Et Seq.*)**

119.    Plaintiff re-allege the allegations in paragraphs 1-118 inclusive, and hereby incorporate them by reference as though fully set forth herein.

120.    The foregoing conduct, as alleged, violates the Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business acts or practices.

121.    Westfield committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the conduct as described herein. Westfield's conduct has damaged Plaintiff, including by denying him earned wages, and therefore has been substantially injurious to him.

122.    Westfield's course of conduct, including its acts and practices, each of which violates California's laws, constitutes a separate and independent violation of the UCL. Westfield's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

123.    The harm to Plaintiff in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Westfield's policies or practices and, therefore, Westfield's actions described herein constitute an unfair business practice of act within the meaning of the UCL.

124.    The unlawful and unfair business practices and acts of Westfield have injured Plaintiff in that he has been wrongfully denied earned compensation.

125.    Plaintiff seeks recovery of attorneys' fees and costs of this action to be paid by Westfield, as provided by the UCL and applicable law.

///

COMPLAINT FOR DAMAGES

126.    Because of the unfair business practices of Westfield, Plaintiff is entitled to restitution in an amount according to proof at trial.

### VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Westfield and/or Defendants, jointly and severally, as follows:

1.    For special, compensatory, and economic damages according to proof;

2.    For general and/or non-economic damages according to proof;

3.    For prejudgment interest;

4.    For an award of exemplary and punitive damages according to proof;

5.    For reasonable attorneys' fees available under all applicable statutes, including but not limited to Government Code § 12965(b); Labor Code §§ 218.5, 226, 1102.5, and 2802; and Code of Civil Procedure § 1021.5;

6.    For reasonable attorneys' fees available for all claims arising under the FEHA and/or Labor Code §§ 1102.5, 6310, 227.3, 226, 203, and 2802.

7.    For penalties/premiums available under all applicable statutes, including but not limited to Labor Code §§ 226, 203, 1102.5, and 6310;

8.    For statutory penalties or restitution for unfair business practices pursuant to Business & Professions Code § 17206, according to proof at trial;

9.    For costs of suit herein incurred; and

10.    For such other relief as the Court deems proper.

DATED:  April 11, 2023                    **EQUITY LEGAL GROUP, P.C.**

By:  _____
Kevin W. Chiang

Attorneys for Plaintiff
RICO BURGOS

18

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable in the Complaint.

DATED:  April 11, 2023                    **EQUITY LEGAL GROUP, P.C.**

By:  _____

Kevin W. Chiang

Attorneys for Plaintiff
RICO BURGOS

19

COMPLAINT FOR DAMAGES

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Kevin W. Chiang (SBN 252391)
EQUITY LEGAL GROUP, P.C., 201 S. Lake Ave., Ste. 506, Pasadena, CA 91101

TELEPHONE NO.: (818) 928-5677    FAX NO. *(Optional):*
E-MAIL ADDRESS: kchiang@equitylegalgroup.com
ATTORNEY FOR *(Name):* Plaintiff Rico Burgos

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse, Central District

**FOR COURT USE ONLY**

Electronically **FILED** by
Superior Court of California,
County of Los Angeles
4/11/2023 12:49 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Tarasyuk, Deputy Clerk

**CASE NAME:**
Rico Burgos v. Westfield Outdoor, Inc., et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☒ **Unlimited** ☐ **Limited** (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 23STCV07958  JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☒ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2.  This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4.  Number of causes of action *(specify):* Twelve (12)
5.  This case ☐ is ☒ is not a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 04/11/2023

Kevin W. Chiang
(TYPE OR PRINT NAME)     ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: Rico Burgos v. Westfield Outdoor, Inc., et al. | CASE NUMBER 23STCV07958 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.

2. Permissive filing in central district.

3. Location where cause of action arose.

4. Mandatory personal injury filing in North District.

5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.

8. Location wherein defendant/respondent functions wholly.

9. Location where one or more of the parties reside.

10. Location of Labor Commissioner Office.

11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: Rico Burgos v. Westfield Outdoor, Inc., et al. | | CASE NUMBER |
|---|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, ②, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Rico Burgos v. Westfield Outdoor, Inc., et al. | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | ☐ A6160  Abstract of Judgment | 2, 6 |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | ☐ A6190  Election Contest | 2 |
| | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Rico Burgos v. Westfield Outdoor, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:** ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS: 12524 Amesbury Circle Whittier, CA 90602 |
|---|---|
| CITY: Whittier | STATE: CA | ZIP CODE: 90602 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 04/11/2023

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/11/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____Y. Tarasyuk_____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV07958 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Maureen  Duffy-Lewis | 38 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record        David W. Slayton, Executive Officer / Clerk of Court

on _04/11/2023_____                    By Y. Tarasyuk_____, Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**\*Provisionally Complex Cases**

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Rico Burgos

DEFENDANT:
Westfield Outdoor, Inc., a Nevada corporation

| Reserved for Clerk's File Stamp |
| --- |
| **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/14/2023**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ P. Aranda _____ Deputy |

| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>23STCV07958 |
| --- | --- |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date:<br>08/09/2023 | Time:<br>8:30 AM | Dept.:<br>38 |
| --- | --- | --- |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b) and California Rules of Court, rule 2.2 et seq.

Dated: __04/14/2023__

_____ Maureen Duffy-Lewis / Judge _____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Kevin Chiang
201 S. Lake Ave.
Suite 506
Pasadena, CA 91101

David W. Slayton, Executive Officer / Clerk of Court

Dated: __04/14/2023__

By __P. Aranda__
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
                                                                )
                                                                )
                                                                )
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

    i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

    ii)   Bonds/Undertaking documents;

    iii)  Trial and Evidentiary Hearing Exhibits

    iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

    v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

11)  SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California

Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing,

and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

Supervising Judge and/or Presiding Judge.

DATED:  May 3, 2019

KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL



# Superior Court of California, County of Los Angeles

<div style="border:1px solid black; background:#e0e0e0; padding:10px;">

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

## Main Types of ADR

1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

    a.  **The Civil Mediation Vendor Resource List**
        If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

        •  **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
        •  **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

        **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

        **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

    b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

        **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

    c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2

| Print | Save | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                 FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11                    **STIPULATION – DISCOVERY RESOLUTION**
For Optional Use

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

&#10148;  _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

&#10148;  _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

&#10148;  _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

&#10148;  _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

&#10148;  _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

&#10148;  _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

&#10148;  _____
(ATTORNEY FOR _____)

[ Print ]   [ Save ]                                    [ Clear ]

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:

    ☐    Request for Informal Discovery Conference
    ☐    Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4.  **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | Clear |
|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:              FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

LACIV 075 (new)
LASC Approved 04/11      **STIPULATION AND ORDER – MOTIONS IN LIMINE**      Page 2 of 2

FILED
LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK
*N. Navarro*
BY NANCY NAVARRO, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

General Order Re ) ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation ) EXTENDING TIME TO RESPOND BY
Stipulations ) 30 DAYS WHEN PARTIES AGREE
) TO EARLY ORGANIZATIONAL
) MEETING STIPULATION
)
_____ )

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_                    _____
                                         Carolyn B. Kuhl, Supervising Judge of the
                                         Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)